**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**EDWARD JOSEPH RITCHIE,**

    **Plaintiff,**

vs.                                    Case No. 4:14cv129-RH/CAS

**NURSE A. PRICE,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, an inmate proceeding pro se, initiated this case on March 10, 2014, by filing a civil rights complaint under 42 U.S.C. § 1983, doc. 1, and an in forma pauperis motion, doc. 2.  Plaintiff was required to resubmit the in forma pauperis motion on forms used in this District, doc. 4, and also submit an amended complaint on the complaint form used in this Court.  Doc. 8.  Plaintiff was granted leave to proceed in forma pauperis, doc. 7, and the amended complaint has now been reviewed as required by 28 U.S.C. § 1915A.

    The complaint form requires prisoners to advise whether they have filed other actions relating to the fact or manner of their incarceration, and identify any cases which were dismissed in federal court as frivolous, malicious, failing to state a claim, or prior to service.  Plaintiff states that he filed only one other case in the Middle District of Florida,

Jacksonville Division.  Doc. 13 at 4.  Plaintiff does not identify the case number, but states it was filed in May 2013 and is still pending.  *Id.*  That information is not correct, despite the fact that Plaintiff signed the amended complaint under penalty of perjury.

Judicial notice is taken that on June 21, 2013, Plaintiff filed an "emergency complaint" in the Middle District of Florida, Ft. Myers Division, which was opened as case number 2:13cv468.  Doc. 1.  The complaint was found not to be an emergency and Plaintiff was required to file an amended complaint.  Thereafter, the case was transferred from the Ft. Myers Division to the Jacksonville Division of the Middle District of Florida and opened as case number 3:13cv908.  The case was dismissed without prejudice on September 5, 2013, because it raised similar claims concerning Defendants Thorten and Flemings which were pending in case number 3:13cv496.  Doc. 16 of Case No. 3:13cv908.  Plaintiff should have listed those two cases in response to Question C on the complaint form.

The case Plaintiff did mention in the amended complaint was case number 3:13cv496 against Defendants Thorten and Flemings.  It was filed on May 6, 2013, and is currently pending.  However, an Order was entered by Magistrate Judge Monte C. Richardson on September 26, 2014, directing Plaintiff to show cause within 14 days why his case should not be dismissed because he did not file a response to Defendants' motion to dismiss.[1]  Doc. 37 of that case.  Plaintiff should now be able to list that case number in future filings.

---

[1] The motion to dismiss argues dismissal of the action is appropriate because Plaintiff failed to exhaust his administrative remedies.  Doc. 33 of that caes.

Plaintiff also filed another case against the Department of Corrections, and Defendants Thorten and Flemings in the Southern District of Florida on July 3, 2013. Case No. 3:13cv01070.  The case was transferred to the Middle District of Florida on August 29, 2013.  It was opened in the Middle District of Florida as case number 1:13cv22398, on September 3, 2013, but immediately dismissed the next day because Plaintiff already had a "case concerning [the] alleged incident" pending in that Court. Doc. 8 of that case, referencing case number 3:13cv908.  Although of short duration, both of those cases should have been listed in response to Question C on the complaint form.

Similarly, Plaintiff initiated case number 8:13cv891 in the Tampa Division of the Middle District of Florida on April 8, 2013.  That case was transferred to the Jacksonville Division on April 11, 2013, and assigned case number 3:13cv374.  Thereafter, case number 3:13cv374 was dismissed without prejudice on April 24, 2013, because the complaint was frivolous.[2]  Doc. 4 of that case.  Plaintiff should have listed both cases in the amended complaint, and the dismissal of case number 3:13cv374 should have been listed in response to Question D on the complaint form.

Plaintiff filed case number 2:13cv468 on June 21, 2013, in the Ft. Myers Division of the Middle District.  It was transferred to the Jacksonville Division on July 29, 2013.  It is unclear which case was initiated for Plaintiff in the Jacksonville Division after transfer. Similarly, Plaintiff filed case number 1:13cv22398 in the Southern District of Florida, Miami Division, on July 3, 2013.  That case was also against the Department of

---

[2] The Court explained that Plaintiff's complaint named only the Florida Department of Corrections as a Defendant, and a state governmental entity is not a "person" subject to liability under § 1983.  Doc. 4 of Case No. 3:13cv374.

Corrections and Defendants Thorten and Flemings.  It was transferred to the Middle District of Florida on or about August 29, 2013.  It is unclear which case was opened for Plaintiff upon transfer as well.  Nevertheless, both cases should have been reported by Plaintiff.

Plaintiff also initiated case number 3:12cv452 in the Middle District against medical personnel at Suwannee Correctional Institution.  Defendants filed a motion to dismiss, doc. 29 of that case, arguing Plaintiff did not exhaust his administrative remedies.  Thereafter, Plaintiff filed a motion to voluntarily dismiss the case.  Doc. 40.  Plaintiff's motion was granted and the case was dismissed without prejudice on April 29, 2013.  Doc. 42 of that case.  Plaintiff should have listed those two cases in response to Question C on the complaint form.

On July 7, 2011, Plaintiff filed a complaint in the Middle District against Jacksonville Memorial Hospital.  Case No. 3:11cv669.  The case was immediately dismissed by United States District Judge Roy B. Dalton, Jr., as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) on July 13, 2011, finding that Plaintiff's claim was "a negligence or medical malpractice claim" but not "a claim of constitutional deprivation."  Doc. 4 of that case.  Plaintiff should have listed that case in response to Question D of the complaint form.

Finally, Plaintiff initiated case number 6:14cv18 in the Middle District of Florida, Orlando Division, on January 6, 2014.  Doc. 1.  Plaintiff's case was immediately dismissed by United States District Judge Charlene Edwards Honeywell on January 8, 2014, as frivolous.  Doc. 3 of that case.  Plaintiff should have listed that case in response to Question D of the complaint form.

Upon review of Plaintiff's prior cases, it now appears that Plaintiff failed to honestly disclose all but one case.  More importantly, Plaintiff had three cases dismissed for reasons listed in Question D of the complaint form and he failed to disclose those dismissals.  Case number 6:14cv18 was dismissed as frivolous, case number 3:11cv669 was dismissed as frivolous, and case number 3:13cv374 was also dismissed as frivolous, all prior to Plaintiff's initiation of this case on March 10, 2014.

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had three prior prisoner actions dismissed because they were frivolous.  Plaintiff was not entitled to have been granted in forma pauperis status in this case.  The Order granting Plaintiff in forma pauperis, doc. 7, should be **Vacated**.

The instant complaint alleges that Plaintiff fell when transferring himself from his bed to his wheelchair and that the Defendant would not assist him.  Those allegations do not bring him within the "imminent danger" exception.

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, his request to proceed in forma pauperis should be denied and this action should be dismissed without prejudice.  Plaintiff must pay the entire filing fee should he desire to re-litigate the claims raised in this case.

Case No. 4:14cv129-RH/CAS

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the Order which granted Plaintiff leave to proceed in forma pauperis, doc. 7, be **VACATED**, that Plaintiff's motion seeking leave to proceed in forma pauperis, doc. 6, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and this case be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on October 6, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**